# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN JOSLIN<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION No. 1:22-cv-160<br>(State Court No. B-0209437) |
| COMBINED LAW ENFORCEMENT<br>ASSOCIATIONS OF TEXAS<br>*Defendant* | §<br>§<br>§<br>§ | |

## DEFENDANT COMBINED LAW ENFORCEMENT ASSOCIATIONS OF TEXAS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Combined Law Enforcement Associations of Texas ("CLEAT") files its Notice of Removal to the United States District Court for the Eastern District of Texas, Beaumont Division, on the basis of federal question jurisdiction and respectfully shows the following:

## FACTUAL BACKGROUND AND GROUNDS FOR REMOVAL

1.  On or about March 11, 2022, Plaintiff John Joslin filed his Original Petition in a case styled *John Joslin v. Combined Law Enforcement Associations of Texas*, Cause No. B-0209437, pending in the 60th Judicial District Court for Liberty County, Texas. Plaintiff alleges that the Defendant violated the Texas Deceptive Trade Practices Act in the administration of its "CLEAT Legal Service Plan" (hereinafter "the Legal Plan"). The Plaintiff also asserted ancillary tort and warranty claims.

2.  The Legal Plan is an "employee welfare benefit plan" or a "welfare plan" as defined by section 3(1) (29 U.S.C. § 1002(1)) of the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461.

3.  The Legal Plan's "Preface and Statement of Purposes" states, in part, that

> Because of the operation of certain definitions at law contained in 29 U.S. §§ 1000 *et sec.*, the Employee Retirement Income Security Act of 1974 ("ERISA,")

>this document and its provisions are intended to conform with any applicable provisions thereof, and is expressly subject to the requirements of Title I, Parts 1 and 4, of ERISA, as well as § 514 thereof which provides that ERISA supersedes all state laws or actions which might otherwise apply.

4. The Legal Plan files Form 5500 annually pursuant to ERISA sections 104 (29 USC § 1024) and 4065 (29 U.S.C. § 1365) and 4065 and Internal Revenue Code 6057(b) (26 U.S.C. § 6057(c)) and 6058(a) (26 U.S.C. § 6058(a)).

5. Under 29 U.S.C. § 1144(a):

>Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

*See also Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992). No exclusion or exemption from the language above applies to the Legal Plan.

6. This Court has jurisdiction over the subject matter of this cause, pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. More specifically, the Plaintiff's Petition asserts claims governed by ERISA, a statute or statutes created by Federal law and a question of Federal law is thus a necessary element of the Plaintiff's claims.

7. Accordingly, this cause is removable pursuant to 28 U.S.C. §§ 1441(a) and 1446. Moreover, because this Court's jurisdiction is founded upon 28 U.S.C. § 1331, all remaining claims, whether or not they form part of the same case or controversy as the federal claim(s) giving rise to this removal, may be removed pursuant to 28 U.S.C. § 1441(c).

8. <u>Timeliness of Removal:</u> Defendant was served with process and Plaintiff's Original Petition on March 21, 2022. Under 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of the first date upon which Defendant received notice of the Pleadings setting forth the claim for relief upon which this removal is based.

9. <u>Notice of Removal Provided to State Court:</u> A Notice of Filing Notice of Removal and a copy of this Notice of Removal to federal court have been sent for filing with the Clerk of the 60th Judicial District Court of Liberty County, Texas, as required by 28 U.S.C. § 1446(d). Copies of same are also being served upon Plaintiff's counsel.

10. True and correct copies of all process served on Defendant, together with all pleadings and orders flied in the State Court lawsuit and a copy of the state court docket sheet, are being filed with this notice as required by 28 U.S.C. § 1446(a). Copies of these documents are attached as Exhibit A hereto.

11. Defendants have tendered the appropriate fee to the Clerk of the United. States District Court for the Eastern District of Texas, Beaumont Division, along, with the original Notice of Removal. A copy of this Notice of Removal is also being filed in the 60th Judicial District Court of Liberty County, Texas, and all counsel of record are being provided with complete copies.

12. Accordingly, Defendant respectfully requests that the above action, now pending in the 60th Judicial District Court of Liberty County. Texas, styled *John Joslin v. Combined Law Enforcement Associations of Texas*, Cause No. B-0209437, be removed therefrom to this Court.

Respectfully submitted,

/s/ Manuel Quinto-Pozos
Manuel Quinto-Pozos
State Bar No. 24070459
Deats, Durst & Owen, P.L.L.C.
707 West 34th Street, Suite 3
Austin, Texas 78705
(512) 474-6200
mqp@ddollaw.com

*Attorney for Defendant CLEAT*

**CERTIFICATE OF SERVICE**

I certify that a true copy of the above has been sent by electronic service on this the 19th day of April, 2022, to:

3

Timothy M. Ferguson
The Ferguson Law Firm, LLP
350 Pine Street, Suite 1440
Beaumont, Texas 77704-4905
tferguson@thefergusonlawfirm.com

Layne Walker, Jr.
The Walker Law Firm, PLLC
215 Orleans Street, Suite 300
Beaumont, Texas 77701
lwalker@walkerlawtx.com

/s/ Manuel Quinto-Pozos
Manuel Quinto-Pozos