IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **JOHN JOSLIN**<br>*Plaintiff*<br><br>v.<br><br>**COMBINED LAW ENFORCEMENT**<br>**ASSOCIATIONS OF TEXAS**<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION No. 1:22-cv-160 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JOHN JOSLIN** ("Plaintiff") and files this his, *Plaintiff's First Amended Complaint*, complaining of **COMBINED LAW ENFORCEMENT ASSOCIATIONS OF TEXAS ("CLEAT"),** and/or **COMBINED LAW ENFORCEMENT ASSOCIATIONS OF TEXAS LEGAL SERVICE PLAN ("CLEAT LEGAL SERVICE PLAN")** collectively hereinafter as ("Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### 1. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### 2. PARTIES

2. Plaintiff **John Joslin ("Plaintiff")** is Texas citizen residing in Liberty County, Texas.

3. Defendant **Combined Law Enforcement Associations of Texas ("CLEAT")** is a Texas, for-profit corporation, licensed to do business and actually conducts business in the State of Texas and is deemed a Texas citizen. Said Defendant has appeared before this court and can be served by serving its attorney of record.

4. Defendant **Combined Law Enforcement Associations of Texas Legal Service Plan ("CLEAT Legal Service Plan")** is a Texas, for-profit corporation, licensed to do business and actually conducts business in the State of Texas and is deemed a Texas citizen. Said Defendant may be served by serving its attorney of record, Manuel Quinto-Pozos by electronic mail.

### 3. JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff recognizes that the amount of damages are with the discretion of the jury and this Honorable Court. Plaintiff pleads a specific amount of damages or face punitive measures including, *inter alia,* the inability to proceed with this case and discovery, Plaintiff seeks monetary relief over $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process, or upon trial of this case.

6. This court has personal jurisdiction, both specific and general, over the Defendant because Defendant is a corporation that directed their acts and/or omissions to the State of Texas including, *inter alia*, those alleged herein. Moreover, this Defendant committed acts and/or omissions within the State of Texas, including directed their activities within the State of Texas such that they can reasonably anticipate being haled into Texas courts. Additionally, Defendant is essentially at home in the State of Texas. Defendant is a corporation formed

under the laws of the State of Texas and is deemed a Texas citizen, and Texas courts' assertion of jurisdiction over this Defendant does not offend the notions of fair play and substantial justice, and Defendant could reasonably anticipate being haled into Texas court. Defendant has systematic and continuous contacts within the State of Texas and, moreover, the specific acts and/or omissions at issue in this lawsuit occurred within the State of Texas. Defendant is a Texas corporation and deemed a Texas citizen. Moreover, Plaintiff purchased a service from Defendant in Jefferson County, Texas.

### 4. VENUE

7. Venue is proper in Jefferson County, Texas, pursuant to TEXAS CIVIL PRACTICES AND REMEDIES CODE SECTION 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas; venue is further proper in Jefferson County, Texas, pursuant to TEXAS CIVIL PRACTICES AND REMEDIES CODE SECTION 15.033 since call or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas and/or Jefferson County is the county in which the Plaintiff resided at the time the cause of action accrued. Specifically, Plaintiff entered the relevant contract with CLEAT while in Jefferson County, Texas.

### 5. FACTS

8. Paragraphs one (1) through seven (7) are incorporated by reference.

9. **CLEAT and/or CLEAT LEGAL SERVICE PLAN** is the largest police labor organization in the state. **CLEAT and/or CLEAT LEGAL SERVICE PLAN** is engaged in the business of selling goods and services that "ensure members' rights and interests are protected by providing exceptional legal representation, legislative and political power,

assistance in labor negotiations, and leadership or association development"—as advertised on **CLEAT's** own website:



[1]

**CLEAT** further advertises its services as follows:

> **"Ensure that you, as a CLEAT member and Texas Peace Officer, receive the professional respect, employment rights, and legal protections you deserve.**
>
> **After all, your role in enforcing the laws and protecting the lives and property of citizens is the most important, fundamental job in Texas.**
>
> **CLEAT has a rich history of relentlessly fighting to ensure that all Texas law enforcement professionals:**
>
> **Realize the full extent of your legal, political and employment rights,**
> **Work under conditions that permit the job to be done safely and effectively, and**
> **Earn fair compensation for the critically important work that you do and the sacrifices made daily by your family**
>
> **CLEAT provides legal representation, lobbying, and legislative representation, local political action, collective bargaining and negotiations support, and a range of field-related services. With more than 26,000 members across the state, CLEAT is the largest police officers' union in Texas, the largest legal services provider in Texas specializing in representing law enforcement**

---

[1] See CLEAT's website: Mission & History - CLEAT.

> **officers, and the largest alliance of local police officers' associations in Texas.**

## THE CLEAT MISSION

Our mission is to ensure that you, as a CLEAT member and Texas Peace Officer, receive the professional respect, employment rights, and legal protections you deserve.

After all, your role in enforcing the laws and protecting the lives and property of citizens is the most important, fundamental job in Texas.

CLEAT has a rich history of relentlessly fighting to ensure that all Texas law enforcement professionals:

- Realize the full extent of your legal, political and employment rights,
- Work under conditions that permit the job to be done safely and effectively, and
- Earn fair compensation for the critically important work that you do and the sacrifices made daily by your family

CLEAT provides legal representation, lobbying, and legislative representation, local political action, collective bargaining and negotiations support, and a range of field-related services. With more than 26,000 members across the state, CLEAT is the largest police officers' union in Texas, the largest legal services provider in Texas specializing in representing law enforcement officers, and the largest alliance of local police officers' associations in Texas.

[2]

Finally, **CLEAT and/or CLEAT LEGAL SERVICE PLAN** acknowledges own its website, when members of **CLEAT and/or CLEAT LEGAL SERVICE PLAN** contact them, its because legal representation is needed:

---

[2] *Id.*



3

10. Plaintiff, a member of the **CLEAT and/or CLEAT LEGAL SERVICE PLAN** organization, purchased a membership from **CLEAT and/or CLEAT LEGAL SERVICE PLAN** for the purpose of obtaining all the advertised and promised benefits associated with a **CLEAT and/or CLEAT LEGAL SERVICE PLAN** membership—including legal representation and services. In exchange for the purchase of a membership, Defendant was to provide Plaintiff with legal services among other services as advertised on **CLEAT and/or CLEAT LEGAL SERVICE PLAN's** website. Plaintiff purchased this membership, faithfully paying his monthly dues (as he has done for over twenty years) in exchange for the services and benefits **CLEAT and/or CLEAT LEGAL SERVICE PLAN** promised to provide.

11. On February 3, 2020, Plaintiff was indicted for official oppression. Plaintiff's indictment arose from actions during the course and scope of his employment as a police officer. These charges were ultimately dismissed, but not before Plaintiff incurred significant legal fees.

---

[3] *Id.*

As part of Plaintiff's purchased membership with **CLEAT and/or CLEAT LEGAL SERVICE PLAN**, these charges would be defended by **CLEAT and/or CLEAT LEGAL SERVICE PLAN.** That is, **CLEAT and/or CLEAT LEGAL SERVICE PLAN** would pay Plaintiff's incurred legal fees per the services of the membership with **CLEAT and/or CLEAT LEGAL SERVICE PLAN.** Despite being contractually obligated to pay Plaintiff's attorney's fees in connections with this indictment, **CLEAT and/or CLEAT LEGAL SERVICE PLAN** has failed to do so. To date, Plaintiff's attorney's fees have not been paid, nor has **CLEAT and/or CLEAT LEGAL SERVICE PLAN** even attempted to discuss a resolution of the matter.

12. At all times pertinent hereto, Plaintiff relied on the representations of Defendant that the relevant legal services would be provided to Plaintiff as promised and in exchange for the purchase of his membership. Furthermore, Plaintiff relied on Defendant to warranty or otherwise ensure he would receive the purchased legal services, and that Defendant act with ordinary prudence (and not negligence) to ensure Plaintiff received his purchased services.

13. If Defendants had not misrepresented that Plaintiff would receive the relevant legal services in exchange for a **CLEAT and/or CLEAT LEGAL SERVICE PLAN** membership, Plaintiff would not have purchased the membership, nor would he have experienced all these customer problems in Jefferson County, Texas. Plaintiff suffered harm as a result of Defendant's representations. Plaintiff pleads for negligence *per se* and

other Texas laws related to this finding.  Plaintiff is within the class to be protected by these and other laws.

14. Each one of the representations, as described above, was made by Defendants recklessly and/or negligently, without any knowledge of their truth as a positive assertion.

15. From the time that Defendant made these representations (directed toward Jefferson County, Texas), as described above, Plaintiff believed them to be true as positive assertions made by persons with knowledge of their truth.  Specifically, Plaintiff believed that he would receive, and **CLEAT and/or CLEAT LEGAL SERVICE PLAN** would provide, legal services in exchange for his **CLEAT and/or CLEAT LEGAL SERVICE PLAN** membership and there were no issues with the services, nor **CLEAT and/or CLEAT LEGAL SERVICE PLAN's** abilities to provide the promised services. Plaintiff relied, to his detriment, on Defendant's reckless and/or negligent misrepresentations.

16. But for the reckless and/or negligent misrepresentations of Defendant, Plaintiff would not have acted as he did—namely, purchasing the membership and accompanying services from Defendant.

17. Accordingly, Defendant is liable to Plaintiff for breach of contract, negligence, intentional and/ or knowing violations of the Texas Deceptive Trade Practices Act ("DTPA"), fraudulent misrepresentation, breach of express and implied warranties, and negligent misrepresentation as more fully set forth below.

18. Defendant wrongly represented to Plaintiff the characteristics of the membership and services. Specifically, Defendant misrepresented to Plaintiff that the membership and services were available, and more specifically, legal representation would be provided to Plaintiff following the purchase of the **CLEAT and/or CLEAT LEGAL SERVICE**

**PLAN** membership, which Plaintiff complied with. Defendant's conduct constitutes a violation of the DTPA. TEX. BUS. & COM. CODE ANN. §17.46(b)(5).

19. Defendant wrongly represented to Plaintiff the condition of membership and services. Specifically, Defendant misrepresented to Plaintiff that the membership and services were available to Plaintiff, or at least, available within a reasonable amount of time following the purchase of the membership and accompanying services. Defendant's conduct constituted a violation of the DTPA. TEX. BUS. & COM. CODE ANN. §17.46(b)(6).

20. Defendant wrongly represented to Plaintiff the standards and quality of the membership and services. Specifically, Defendant misrepresented to Plaintiff that the membership and services contained no defects or conditions that would prohibit Plaintiff from receiving the services he has faithfully purchased for over twenty (20) years. But for the representations that Plaintiff would receive full legal services and a **CLEAT and/or CLEAT LEGAL SERVICE PLAN** membership, Plaintiff would not have purchased a **CLEAT and/or CLEAT LEGAL SERVICE PLAN** membership.

21. Defendant falsely advertised the condition of the membership and services. Specifically, Defendant advised Plaintiff the membership and services contained no defects or conditions that would prohibit Plaintiff from receiving the services he purchased. However, Defendant's conduct constitutes a violation of the DTPA. TEX. BUS. & COM. CODE ANN. §17.46(b)(9).

22. Defendant failed to disclose material facts to Plaintiff, which were known at the time of the transaction, to induce Plaintiff into purchasing the membership and services. Defendant's conduct constitutes a violation of the DTPA. TEX. BUS. & COM. CODE ANN. §17.46(b)(24).

23. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

24. Defendant made the representations, as described above, in the course of their business of selling memberships and legal services in the course and scope of their business and held themselves out as capable of adequately providing legal services that will adequately defend Plaintiff. Plaintiff used this information in justifiable reliance in purchasing the membership and services.

25. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

### 6. CAUSES OF ACTION:

26. Paragraphs one (1) through twenty-four (24) are incorporated by reference.

27. Defendant **CLEAT and/or CLEAT LEGAL SERVICE PLAN** is liable to Plaintiff for intentional and/or knowing violations of the Texas DTPA, fraud and fraudulent misrepresentation, negligent misrepresentation, breach of warranty, manufacturing defects and negligence, general negligence, gross negligence, and breach of contract.

### 7. NONCOMPLIANCE WITH TEXAS DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT

28. Paragraphs one (1) through twenty-eight (26) are incorporated by reference.

29. Defendant's conduct constitutes multiple violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). TEX. BUS. & COM. CODE §17.41-17.63. All violations of this chapter are made actionable by TEX. BUS. & COM. CODE §17.50(a)(1).

30. Defendant's misrepresentations, as described above, that goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do

not have, or that a person has sponsorship, approval, status, affiliation, or connection which he or she does not, constitutes a false, misleading, or deceptive act or practice. TEX. BUS. & COM. CODE §17.46(b)(5).

31. Defendant's misrepresentations, as described above, that goods and services are original or new when they are deteriorated, reconditioned, reclaimed, used, or secondhand constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46 (b)(6).

32. Defendant's misrepresentations, as described above, that goods and services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are of another, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46 (b)(7).

33. Defendant's advertisement of their goods and services, as described above, with intent not to sell them as advertised, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(9).

34. Defendant's failure to disclose information concerning goods or services, as described above, which was known at the time of the transaction, and which was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(24).

35. Defendant's conduct violates other provisions of the DTPA to be specified after an adequate time for discovery has elapsed, or at the time of trial.

### 8. FRAUD AND FRAUDULENT MISREPRESENTATION

36. Paragraphs one (1) through thirty-five (35) are incorporated by reference.

37. Defendant's conduct constitutes fraud and fraudulent misrepresentation in the State of Texas.

38. Defendant made representations to Plaintiff, as described above, which were false statements of fact, and were material to the transaction. Among other misrepresentations, Defendant represented to Plaintiff that the membership and accompanying services would be provided to Plaintiff, following the purchase of the membership and services. To date, Plaintiff has not received legal representation nor reimbursement for fees incurred for same.

39. In making these representations, Defendant knew the representations were false, or acted with reckless disregard of the truth or falsity of the representations.

40. Defendant intended Plaintiff to act on the representations, and Plaintiff relied on the false representations in seeking to obtain what Plaintiff thought was legal services and membership, which was never provided to Plaintiff, despite having paid necessary membership dues for over twenty (20) years, which caused Plaintiff to suffer damages.

### 9. NEGLIGENT MISREPRESENTATION, NEGLIGENCE, AND GROSS NEGLIGENCE

41. Paragraphs one (1) through forty (40) are incorporated by reference.

42. Defendant's conduct constitutes a tort for negligent misrepresentation in the State of Texas

43. Defendant made a representation to Plaintiff, as described above, in the course of Defendant's business or in a transaction in which Defendant had an interest. Defendant acts herein were negligent and/or grossly negligent, and proximately caused Plaintiff damages.

44. In making these representations, Defendant supplied false information for the guidance of Plaintiff. Defendants did not exercise reasonable care or competence in obtaining or communicating the information on which Plaintiff justifiably relied. Defendant's negligent misrepresentations proximately caused Plaintiff's injury.

45. For all acts outlined in this petition and to be outlined at the time of trial, Plaintiff affirmatively pleads causes of action for not only negligence (see section 11 below), but for gross

negligence against Defendant. Defendant's acts and/or omissions in this petition amounted to gross negligence, for which Plaintiff affirmatively sues.

### 10. NEGLIGENCE

45. Paragraphs one (1) through forty-four (44) are incorporated by reference.

46. Defendant's conduct constitutes a tort for negligence in the State of Texas.

47. Defendant was negligent and breached their duty of care to Plaintiff, as described above, in the course of Defendant's business or in a transaction in which Defendant had an interest. Defendant's acts herein were negligent and proximately caused the Plaintiff's injury.

48. In committing these negligent acts, Defendant breached their duty of care to Plaintiff by failing to exercise reasonable care or competence in advertising and selling memberships and legal services.

49. Defendant was negligent in multiple ways in causing Plaintiff's injuries made the basis of this lawsuit including, but not limited to, the following:

   (1) failing to properly advertise its services;

   (2) failing to properly provide its services as advertised;

   (3) in negligently failing perform Plaintiff's purchased services;

   (4) failing to properly train employees to perform or supervise the foregoing;

   (5) failing to supervise employees to ensure Plaintiff's purchased services were of like quality, standard, or grade and/or as represented; and

   (6) in other acts of omission and/or commission to be specified at a later date at the time of trial.

50. As a result of Defendant's negligence and/or the foregoing acts and / or omissions, Plaintiff has sustained substantial damages, resulting in the elements of damages set forth in this petition and others to be specified at the time of trial.

## 11. FRAUD

51. Paragraphs one (1) through fifty (50) are incorporated by reference.

52. Defendant is liable to Plaintiff for common law fraud.

53. Defendant stated that the membership and services being purchased by Plaintiff contained no defects or problems which would prevent Plaintiff from receiving the benefits and services associated with a **CLEAT and/or CLEAT LEGAL SERVICE PLAN** membership following the payment of membership dues. This was only one of the many material representations that was made to Plaintiff by Defendant, others to be specified later after an adequate time for discovery or at the time of trial.

54. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as it did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

55. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer damages and constituting common law fraud.

## 12. BREACH OF EXPRESS AND IMPLIED WARRANTIES AND DEFECTS

56. Paragraphs one (1) through fifty-five (55) are incorporated by reference.

57. Defendant is liable to Plaintiff for breaches of warranties. The membership and services are consumer services, and a substantial part of the events or omissions giving rise to this claim occurred in Jefferson County, Texas and, at the time this cause of action arose, Plaintiff lived, and purchased the membership and services in Jefferson County, Texas.

58. Defendant sold services to Plaintiff. Defendant made representations to the Plaintiff about the quality or characteristics of the services in one of the following ways:

    (1) By affirmation of fact;

    (2) By promise; or

    (3) By description.

59. Defendant's representations became part of the basis of the bargain.

60. Defendant breached the warranties and/or was negligent in its manufacture, sale, design, or maintenance and or performing their end of the bargain regarding the purchased membership and services, as well the improper delivery of these services (after purchase).

61. Plaintiff notified Defendant of the breach, and/or Defendants had awareness of the breach. Specifically, Plaintiff sent several emails to Defendant's employees, agent, or servants. Plaintiff informed **CLEAT and/or CLEAT LEGAL SERVICE PLAN** employee(s) that he needed legal representation, for charges arising out of actions during Plaintiff's course and scope of employment, which were ultimately denied.

62. Plaintiff suffered damages from Defendant's breaches of express, implied, and other warranties (as well as for negligent manufacture and maintenance) available under Texas law.

### 13.   KNOWLEDGE

63. Paragraphs one (1) through sixty-two (62) are incorporated by reference.

64. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Business and Commerce Code and other Texas law and was a producing cause of Plaintiff's damages described herein.

## 14. INTENT

65. Paragraphs one (1) through sixty-four (64) are incorporated by reference.

66. Each of the acts described above, together and singularly, was done not only negligently and/or grossly negligently, but "intentionally," as that term is used in the Texas Business and Commerce Code and other Texas law and was a producing cause of Plaintiff's damages described herein.

## 15. DAMAGES

67. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

68. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of its claim, together with attorney's fees.

69. For noncompliance with the Texas Deceptive Trade Practices Act-Consumer Protection Act, Plaintiff is entitled to economic damages, which include the amount of the benefits wrongly withheld.  For knowing conduct violations, with regard to these breaches of duty, Plaintiff asks for three times its economic damages.  For intentional conduct violations, with regard to these breaches of duty, Plaintiff is entitled to its economic damages, and Plaintiff asks for three times its amount of economic damages.  Plaintiff is also entitled to court costs and attorney's fees.  TEX. BUS. & COM. CODE ANN. §17.50(b)(1).

70. For negligent misrepresentations, Plaintiff is entitled to actual damages and exemplary damages, along with court costs, interest, and attorney's fees.

71. For fraud and fraudulent misrepresentations, Plaintiff is entitled to actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses resulting from the transaction, exemplary damages, and damages for emotional distress.

73. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

74. For breach of warranties and negligent manufacture / defect, Plaintiff is entitled to recover actual damages, interest, court costs, attorney's fees, treble damages, and other damages.

75. For all causes of action that permit recovery of exemplary and/or punitive damages, including any gross negligence, intentional, treble, or other knowing violations, Plaintiff seeks those punitive or treble damages.

76. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### 16. MANADATORY JURISDICTIONAL AMOUNT

**77.** The damages to be awarded herein is a matter lying largely, if not entirely, within the discretion of the finder of fact and based on the evidence as presented. However, TEX.R.CIV.P. 47 forces Plaintiff to plead a specific amount of damages or suffer consequences for not pleading any amount. Accordingly, and recognizing that any amount

rests within the discretion of the finder of fact, Plaintiff would show that it seeks monetary relief in the sum of at least one million dollars ($1,000,000.00).

## 17. JURY DEMAND

78. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## 18. NOTICE OF SELF-AUTHENTICATION

79. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, this is the actual written notice to you that all documents produced in this litigation shall be used by the Plaintiff at pretrial proceedings and trial. Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial; and any objections thereto by the Defendant shall be in writing or placed on the record, giving Plaintiff a reasonable opportunity to establish the challenged document's authenticity.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

       Respectfully submitted,

       **THE FERGUSON LAW FIRM, LLP**
       350 PINE STREET, SUITE 1440
       Beaumont, Texas 77704-4905
       (409) 832-9700 (phone)
       (409) 832-9708 (fax)

       By: _____
       Timothy M. Ferguson
       State Bar No. 24099479
       tferguson@thefergusonlawfirm.com

       **THE WALKER LAW FIRM, PLLC**
       215 Orleans Street, Suite 300
       Beaumont, Texas 77701
       (409) 347-6650 (office)
       (409) 347-6651 (Fax)

       **Layne Walker Jr.**
       State Bar No. 24118580
       lwalker@walkerlawtx.com

       **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify a true and correct copy of the foregoing instrument was served on counsel of record on this the 1st day of July 2022, in accordance with the Federal Rules of Civil Procedure.

                **/s/ Layne Walker**
                Layne Walker Jr.